UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON
Case No. _____

JUNE M. JOSEPH                                                                      PLAINTIFF

v.

KENTUCKY TAX BILL SERVICING, INC.

Serve:  Mary Beth Perry, Registered Agent
        Kentucky Tax Bill Servicing, Inc.
        4135 Alexandria Pike, Suite 108
        Cold Spring, KY  41076

AND

BILZ & ASSOCIATES, P.S.C.                                                           DEFENDANTS

Serve:  Joshua Bilz, Registered Agent
        Bilz & Associates, P.S.C.
        4135 Alexandria Pike, Suite 105
        Cold Spring, KY  41076

## COMPLAINT AND JURY TRIAL DEMAND

Comes the Plaintiff, June M. Joseph ("Joseph"), by counsel, and states as follows for her causes of action against the Defendants, Kentucky Tax Bill Servicing, Inc. ("KTBS") and Bilz & Associates, P.S.C. ("Bilz"):

### THE PARTIES

1.  Joseph is an individual and a citizen of Kentucky.  She resides at 1110 Holmes Street, Frankfort, Kentucky 40601.

2.  KTBS is a corporation organized and existing under the laws of the Commonwealth of Kentucky.  According to the Secretary of the Commonwealth of Kentucky's website, KTBS has

a principal office located at 4135 Alexandria Pike, Suite 108, Cold Spring, Kentucky 41076 and its Registered Agent is Mary Beth Perry of the same address.

3.      Bilz is a professional service corporation organized and existing under the laws of the Commonwealth of Kentucky. According to the Secretary of the Commonwealth of Kentucky's website, Bilz has a principal office located at 4135 Alexandria Pike, Suite 105, Cold Spring, Kentucky 41076 and its Registered Agent is Joshua Bilz of the same address.

## JURISDICTION AND VENUE

4.      This Court has original jurisdiction over this action under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

5.      Venue is proper in the Eastern District of Kentucky (the "Eastern District") because a substantial part of the events or omissions giving rise to Joseph's causes of action against KTBS and Bilz (collectively, "Defendants") occurred in the Eastern District.

## GENERAL ALLEGATIONS

6.      On October 22, 2009, Joseph filed with the United States Bankruptcy Court for the Eastern District of Kentucky (the "Bankruptcy Court") a voluntary petition for relief under chapter 13 of the United States Bankruptcy Court, 11 U.S.C. § 101, *et seq.* (the "Code"), which filing commenced a bankruptcy proceeding styled *In re Joseph*, Case No. 09-30812-jms (the "Bankruptcy Case").

7.      On December 3, 2009, Joseph filed a Statement of Financial Affairs and Schedules in the Bankruptcy Case [Doc. 26]. In Schedule D, Joseph listed her ownership of two parcels of real estate located at 128 Allnutt Drive, Frankfort, Kentucky 40601 (the "Allnutt Drive Property") and at 109 Phillips Street, Frankfort, Kentucky 40601 (the "Phillips Street Property"). *See* Doc. 26 at 6.

8. One of the creditors listed on the Creditor Matrix filed in the Bankruptcy Case was Tax Ease Lien Investments 1, LLC ("Tax Ease"). *See* Doc. 1 at 8.

9. On July 28, 2010, Tax Ease filed two complaints against Joseph with the Franklin Circuit Court styled *Tax Ease Lien Investments 1, LLC v. June M. Joseph*, Case No. 10-CI-01198 (the "Action Ending in 1198") and *Tax Ease Lien Investments 1, LLC v. June M. Joseph*, Case No. 10-CI-01199 (the "Action Ending in 1199," and together with the Action Ending in 1198, the "Franklin Actions").

10. On August 18, 2010, KTBS filed an answer and counterclaim and/or cross-claim in the Action Ending in 1998. Bilz is legal counsel for KTBS in the Action Ending in 1998.

11. Also on August 18, 2010, KTBS filed an answer and counterclaim and/or cross-claim in the Action Ending in 1999. Bilz is legal counsel for KTBS in the Action Ending in 1999.

12. On November 4, 2010, Joseph converted her chapter 13 case to a case under chapter 7 of the Code. *See* Doc. 92.

13. On December 6, 2011, the Bankruptcy Court entered the Discharge of Debtor in a Chapter 7 Case [Doc. 121], a true and correct copy of which is attached hereto as **Exhibit 1**.

14. On October 26, 2016, KTBS filed the following eight documents in the Action Ending in 1998: (1) a Motion for In Rem Default and Summary Judgment; (2) a Memorandum [sic] Support of Summary Judgment; (3) a Certificate of Default; (4) an Affidavit of Status of Account; (5) an Itemization of Post Litigation Costs Pursuant to KRS 134.452; (6) an Affidavit of Attorney Fees; (7) a Military Affidavit; and (8) a proposed Order Granting In Rem Default and Summarry [sic] Judgment (the "Motion for Default & SJ in the Action Ending in 1998").

15. A true and correct copy of the Motion for Default & SJ in the Action Ending in 1998 is attached hereto as **Exhibit 2**.

16.     In the Motion for Default & SJ in the Action Ending in 1998, KTBS made clear that it was seeking a "Default Judgment against the interest of June M. Joseph" as to the Allnutt Drive Property and an "*in rem* judgment against the subject property in the amount of Six Thousand Three Hundred Eighty-Four Dollars and Fifty Cents ($6,384.50)." *See* **Exhibit 2** at 1, 23.

17.     On either November 9, 2016 or December 6, 2016, the Franklin Circuit Court entered KTBS's proposed Order Granting In Rem Default and Summarry [sic] Judgment, which was tendered by Bilz on October 26, 2016. The docket entry of December 6, 2016 makes clear that the judgment that KTBS obtained in the Action Ending in 1198 was an "IN REM DEFAULT."

18.     At no time did KTBS seek or obtain an *in personam* judgment against Joseph in the Action Ending in 1998, a fact well known to Bilz.

19.     On October 26, 2016, KTBS filed the following eight documents in the Action Ending in 1999: (1) a Motion for Default and Summary Judgment; (2) a Memorandum [sic] Support of Summary Judgment; (3) a Certificate of Default; (4) an Affidavit of Status of Account; (5) an Itemization of Litigation Costs; (6) an Affidavit of Attorney Fees; (7) a Military Affidavit; and (8) a proposed Order Granting In Rem Default and Summary Judgment (the "Motion for Default & SJ in the Action Ending in 1999").

20.     A true and correct copy of the Motion for Default & SJ in the Action Ending in 1999 is attached hereto as **Exhibit 3**.

21.     In the Motion for Default & SJ in the Action Ending in 1999, KTBS made clear that it was seeking a "Default Judgment against the interest of June M. Joseph" as to the Phillips Street Property and an "*in rem* judgment against the subject property in the amount of Five Thousand Six Hundred Seventy-Two Dollars and Thirty Cents ($5,672.30)." *See* **Exhibit 3** at 1,

20.

22. On January 18, 2017, the Franklin Circuit Court conducted a hearing on the Motion for Default & SJ in the Action Ending in 1999.

23. On March 7, 2017, the Franklin Circuit Court entered KTBS's proposed Order Granting In Rem Default and Summary Judgment, which was tendered by Bilz on October 26, 2016 and retendered by Bilz on January 6, 2017. The docket entry of March 7, 2017 makes clear that the judgment that KTBS obtained in the Action Ending in 1199 was an "IN REM DFJ [Default Judgment] and SJ [Summary Judgment]."

24. At no time did KTBS seek or obtain an *in personam* judgment against Joseph in the Action Ending in 1999, a fact well known to Bilz.

25. On November 13, 2017, KTBS filed with the Johnson Circuit Court a Complaint for Foreclosure With Notice [U]nder the Fair Debt Collection Practices Act (the "Complaint"), which filing commenced a civil action styled *Kentucky Tax Bill Servicing, Inc. v. June M. Joseph, et al.*, Case No. 17-CI-00386 (the "Johnson Circuit Court Action").

26. Bilz is legal counsel for KTBS in the Johnson Circuit Court Action.

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, ET SEQ.

27. Joseph restates and incorporates herein by reference all of the allegations contained in paragraphs 1 through 26 above.

28. In the Motion for Default & SJ in the Action Ending in 1998, KTBS alleged that it "is the owner of a Certificate of Delinquency for Franklin County property and taxes on property located at 128 Allnutt Drive, Frankfort, Kentucky 40601, PIDN: 074-23-03-0120.00, for the 2002 tax year in the name of June M. Joseph." See **Exhibit 2** at 11. The aforementioned Certificate of

Delinquency is hereinafter referred to the "Allnutt Drive Tax Debt."

29. In the Motion for Default & SJ in the Action Ending in 1999, KTBS alleged that it "is the owner of a Certificate of Delinquency for Franklin County property and taxes on property located at 109 Phillips Street, Frankfort, Kentucky 40601, PIDN: 0074-12-13-010.00, for the 2005 tax year in the name of June M. Joseph." *See* **Exhibit 3** at 10. The aforementioned Certificate of Delinquency is hereinafter referred to the "Phillips Street Tax Debt."

30. Joseph is a "consumer" within the meaning of 15 U.S.C. § 1692a(3).

31. The Allnutt Drive Tax Debt and the Phillips Street Tax Debt (collectively, the "Tax Debts") are each a "debt" within the meaning of 15 U.S.C. § 1692a(4).

32. KTBS is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

33. Bilz is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

34. Defendants are both debt collectors that are subject to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

35. Because Defendants are both subject to the FDCPA, the sixth page of the Complaint contains a NOTICE UNDER THE FAIR DEBT COLLECTION PRACTICES ACT.

36. In paragraph 3 of the Complaint, Defendants represented that KTBS had obtained an "*in personam*" judgment against Joseph in the Franklin Actions. The representation is "false, deceptive, or misleading representation or means" within the meaning of 15 U.S.C. § 1692e and/or is an "unfair or unconscionable means to collect or attempt to collect any debt" within the meaning of 15 U.S.C. § 1692f. The representation was made by Defendants in connection with their efforts to collect the Tax Debts, both of which are a "debt" within the meaning of 15 U.S.C. § 1692a(5).

37. By representing that KTBS had obtained an "*in personam*" judgment against Joseph in the Franklin Actions, Defendants violated 15 U.S.C. §§ 1692e-f, and are subject to civil

liability to Joseph under 15 U.S.C. § 1692k, which provides:

> (a) Amount of Damages. Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—
>
> (1) any actual damage sustained by such person as a result of such failure;
>
> (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or
>
> (B) in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector; and
>
> (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

38.     Joseph seeks entry of judgment against Defendants for their violations of the FDCPA and an award of all the compensatory and/or statutory damages that she is entitled to under 15 U.S.C. § 1692k(a), including an award of all costs and a reasonable attorney's fee as determined by the Court.

WHEREFORE, Joseph respectfully requests that the Court: (1) enter a judgment in her favor and against Defendants on Count I of the Complaint; (2) award Joseph compensatory and/or statutory damages, together with all of the costs that she incurs in the litigation of this action and an award of a reasonable attorney's fee under 15 U.S.C. § 1692k(a)(3); (3) award Joseph prejudgment and postjudgment interest; and (4) grant Joseph such other and further relief as the Court deems just and proper.

## **JURY TRIAL DEMAND**

Pursuant to Fed. R. Civ. P. 38(b)(1), Joseph hereby demands a trial by jury on all issues triable of right by a jury.

Respectfully submitted,

DELCOTTO LAW GROUP PLLC


/s/ Michael J. Gartland
Michael J. Gartland, Esq.
200 North Upper Street
Lexington, KY  40507
Telephone:  (859) 231-5800
Facsimile:   (859) 281-1179
mgartland@dlgfirm.com

-and-

Ryan R. Atkinson, Esq.
Atkinson, Simms & Kermode, PLLC
1608 Harrodsburg Road
Lexington, KY  40504
Telephone:  (859) 2256-1745
Facsimile:   (859) 254-2012
rra@ask-law.com

COUNSEL FOR PLAINTIFF
JUNE M. JOSEPH

Pleadings USDC Action\Complaint - FV 20180102.docx